UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

NATALIE W.,

            Plaintiff,

v.                                          5:20-CV-1106
                                            (GTS/DJS)

KILOLO KIJAKAZI, Acting Commissioner
of the Social Security Administration,

            Defendant.
_____

APPEARANCES:                                       OF COUNSEL:

OLINSKY LAW GROUP                      HOWARD D. OLINSKY, ESQ.
  Counsel for Plaintiff
250 South Clinton Street, Suite 210
Syracuse, NY 13202

SOCIAL SECURITY ADMINISTRATION      DANIEL TARABELLI, ESQ.
OFFICE OF REGIONAL GENERAL COUNSEL   Special Assistant U.S. Attorney
  Counsel for Defendant
15 Sudbury Street, Suite 625
Boston, MA 02203

GLENN T. SUDDABY, Chief United States District Judge

## DECISION and ORDER

      Currently before the Court, in this Social Security action filed by Natalie W. ("Plaintiff") against Acting Commissioner of the Social Security Administration Kilolo Kijakazi ("Defendant" or "Acting Commissioner"), is Plaintiff's unopposed motion for attorneys' fees in the amount of five thousand, one hundred and fifty-seven dollars and ninety-seven cents ($5,157.97) pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 ("EAJA"). (Dkt. No. 21.) For the reasons stated below, Plaintiff's motion is granted.

## I. RELEVANT BACKGROUND

### A. Facts and Procedural History

Because this Decision and Order is intended primarily for the review of the parties, the Court presumes the reader's familiarity with this Court's Order of August 20, 2021, in which the Court granted Plaintiff's motion and remanded Plaintiff's case to the Social Security Administration for further consideration. (Dkt. Nos. 19, 20.) As directed, final judgment was entered in favor of Plaintiff on August 24, 2021. (Dkt. No. 20.) Plaintiff filed a motion for attorneys' fees pursuant to the EAJA on November 16, 2021[1], and Defendant has no objection to Plaintiff's request. (Dkt. Nos. 21, 22.)

### B. Briefing on Plaintiff's Motion

Generally, Plaintiff's attorney argues that he is entitled to an award of attorneys' fees in the amount of $5,157.97, because Plaintiff has met the burden necessary to receive EAJA fees. (Dkt. No. 21, Attach. 7, at 1-2 [Pl.'s Mem. of Law].) More specifically, Plaintiff's attorney argues that the following four facts demonstrate that Plaintiff has met burden necessary to receive EAJA fees: (1) Plaintiff's net worth did not exceed $2,000,000.00 when this action was filed; (2) Plaintiff "prevailed" in this case because the Court remanded the case under sentence four of 42 U.S.C. § 405(g); (3) after the Court remanded the case for further proceedings, Judgment was entered and has not been appealed; and (4) Plaintiff has alleged that the government's position is not substantially justified. (*Id.*)

---

[1]     The Court finds Plaintiff's motion timely under Fed. R. Civ. P. 54(d)(2)(B) and *Sinkler v. Berryhill*, 932 F.3d 83, 88 (2d Cir. 2019).

In response, the Acting Commissioner indicated that it has no objection to Plaintiff's motion for attorneys' fees. (Dkt. No. 22 [Def.'s Response].)

## II.     GOVERNING LEGAL STANDARD

Section 206(b) of the Social Security Act states that, "[w]henever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." 42 U.S.C. § 406(b)(1)(A). The Supreme Court has held that Section 406(b) "does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court," but rather "calls for court review of such arrangements as an independent check to assure that they yield reasonable results in particular cases." *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). If the fee set by the contingency-fee agreement is within the 25-percent boundary established by Section 406(b), then "the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." *Gisbrecht*, 535 U.S. at 807. For assessing reasonableness of a fee set by a contingency agreement, the Supreme Court noted that multiple factors should be considered, including the character of the representation, the results the representative achieved, and whether the attorney was responsible for delay in the litigation in order to increase fees. *Id.* at 808.

The Second Circuit has noted that contingency-fee agreements ordinarily should be afforded the same deference that the court would apply to any contract between parties where it is a "freely negotiated expression of both a claimant's willingness to pay more than a particular

hourly rate to secure effective representation, and of an attorney's willingness to take the case despite the risk of nonpayment." *Wells v. Sullivan*, 907 F.2d 367, 371 (2d Cir. 1990).  District courts therefore must look first to the contingency-fee agreement and reduce the amount specified in that agreement only when it finds the amount to be unreasonable. *Wells*, 907 F.2d at 371. When determining whether the fee is reasonable, the district court "need not make mathematical calculations," but should (a) determine whether the amount requested is within the 25-percent cap, (b) consider whether there has been fraud or overreaching in making the agreement, and (c) consider whether the amount is so large as to be a windfall to the attorney. *Id.* at 372.

### III.   ANALYSIS

After carefully considering Plaintiff's arguments and the applicable case law, the Court awards Plaintiff's attorney the requested $5,157.97 in attorney's fees and costs for the reasons stated in both Plaintiff's memorandum of law.  (Dkt. No. 21, Attach. 7, at 1-2 [Pl.'s Mem. of Law].)

To qualify for attorneys' fees under the EAJA, the plaintiff must demonstrate the three following elements: (1) that she is the prevailing party; (2) that she is eligible to receive an award[2]; and (3) that the position of the United States was not substantially justified. 28 U.S.C. § 2412(d)(1)(B).  An award of fees may be reduced or denied if "special circumstances" would make an otherwise proper award "unjust," regardless as to whether the United States' position

---

[2] The Court notes that, to be eligible to receive an award, the plaintiff must have been "an individual whose net worth did exceed $2,000,000 at the time that civil action was filed . . . ." 28 U.S.C. § 2412(d)(2)(B).

was not substantially justified. 28 U.S.C. § 2412(d)(1)(A); *Pamela H. v. Comm'r of Soc. Sec.*, 20-CV-0304, 2022 WL 137719, at *1 (N.D.N.Y. Jan. 14, 2022) (Mordue, S.J.).

 As the prevailing party, Plaintiff moved for attorneys' fees in the amount of $5,157.97. (Dkt. No. 21.) Specifically, Plaintiff's attorney seeks an award of fees for 21.8 hours of attorney time at a rate of $209.54 per hour, and 5.9 hours of paralegal time at a rate of $100.00 per hour. (Dkt. No. 21, Attach. 1, at 2.) The Court has reviewed Plaintiff's submissions and finds that her request, which drew no objection from the Acting Commissioner, is not unreasonable. Additionally, based on the remand decision and the lack of any argument to the contrary, the Court finds that the United States' position was not substantially justified.

 As part of her motion for attorneys' fees, Plaintiff requests that fee award be directly payable to her attorney. (Dkt. No. 21, Attach. 6, at 2.) Generally, the EAJA "awards the fees to the litigant, and thus subjects them a federal administrative offset if the litigant has outstanding federal debts." *Astrue v. Ratliff*, 560 U.S. 586, 593 (2010). However, a plaintiff has the right to assign an EAJA fee award to her attorney, and, where the Commissioner does not oppose the assignment, it can be honored under the Anti-Assignment Act. *See Plisko v. Comm'r of Soc. Sec.*, 18-CV-0827, 2020 WL 3045856, at *2 (W.D.N.Y. June 8, 2020) (citing *Kerr v. Comm'r of Soc. Sec.*, 874 F.3d 926, 937 [6th Cir. 2017] ["Unless the government waives application of the [Anti-Assignment Act] in EAJA cases, fee awards must be paid to the prevailing party, not to the party's lawyer."]).

 Here, Plaintiff has agreed to waive direct payment of the EAJA fees and assign the fees to be paid directly to her attorney. (Dkt. No. 21, Attach. 6, at ¶ 5.) The Acting Commissioner

does not oppose "plaintiff's request for $5,157.97 in attorney fees under the [EAJA] . . . ." (Dkt. No. 22.)

For these reasons, the Court awards attorneys' fees in the amount of $5,157.97 payable to Plaintiff's attorney if Plaintiff has no debt registered with the Department of Treasury subject to the offset.

**ACCORDINGLY**, it is

**ORDERED** that Plaintiff's motion for attorney fees (Dkt. No. 21) is **GRANTED**; and it is further

**ORDERED** that Plaintiff is awarded attorneys' fees in the amount of **FIVE THOUSAND, ONE HUNDRED and FIFTY-SEVEN DOLLARS AND NINETY-SEVEN CENTS ($5,157.97)** pursuant to 28 U.S.C. § 2412.

Dated: August 22, 2022
       Syracuse, New York

_____
Glenn T. Suddaby
Chief U.S. District Judge